**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 8 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-33450 |
| | ) | |
| Patrick R. Millican, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3167 |
| | ) | |
| Estate of Mireille Robinson, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Patrick R. Millican, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR SUMMARY JUDGEMENT**

This adversary proceeding is before the court on Plaintiff's Motion for Summary Judgment [Doc. # 19] and Defendant's response [Doc. # 23]. Defendant is the debtor in the underlying Chapter 7 case pending in this court. Plaintiff alleges in its complaint that a debt owed to it by Defendant is nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6). Plaintiff moves for summary judgment on its claims brought under § 523(a)(2) and (a)(6).

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under Title 11 and arising in a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, Plaintiff's Motion will be denied.

## FACTUAL BACKGROUND

Plaintiff is the California estate of Mireille Robinson ("Robinson"), who died on July 31, 2010. [Doc. # 13, Amended Complaint, ¶ 5; Doc. # 15, Answer, ¶ 5; Pl. Ex. C, p. 2]. The underlying debt at issue in this proceeding arises out of dealings relating to a loan transaction between Defendant and John M. Boyko ("Boyko"). [Pl. Ex. C, p. 6]. Robinson had requested Boyko's help in investing her money, [*id.* at 5], and although Boyko was identified as the lender in the loan documents, it was actually [Robinson's] money being loaned," [*id.* at 6]. In 2009, Robinson and Boyko commenced a civil action in the Superior Court of California ("State Court") against Defendant and Sailor J. Kennedy and others, alleging several claims, including breach of contract, conspiracy to commit fraud, conversion, and money had and received. [*See* Pl. Ex. A and Ex. C, p. 3]. On January 27, 2012, following a jury trial, a judgment ("Judgment") in the State Court action was entered, which states in relevant part as follows:

1. Plaintiff Boyko recover judgment on the merits against Defendant Millican in the amount of $450,000.00 plus $50,000 in interest from June 1, 2006 to June 1, 2007, plus interest of 10% from June 2, 2007, to November 15, 2011, totaling $785,543.99.

2. Plaintiffs Boyko and Robinson recover interest on their respective judgments at a rate of 10% from the date of this Judgment against Defendant Millican, until paid.

3. Defendant Millican received money intended for Plaintiff Boyko, did not use it for the benefit of Plaintiff Boyko, and did not give it to Plaintiff Boyko.

4. Defendant Millican made a false promise causing harm to Plaintiff Boyko.

5. Defendant Millican converted Plaintiff Boyko's property harming him in the amount of $450,000, plus $50,000 interest from June 1, 2006 through June 1, 2007.

6. Defendant Kennedy, as agent from Defendant Millican, harmed Plaintiff Boyko and Plaintiff Robinson.

7. Defendants Millican and Kennedy conspired and intended to commit and did commit

2

promissory fraud, deceit and/or concealment which was a substantial factor in causing harm to both Plaintiff Boyko and Plaintiff Robinson.

[Pl. Ex. A, p. 6-7]. The Judgment is based upon, and sets forth in relevant part, the following specific findings made by the jury:

>    1. On the First Amended Complaint for Breach of Contract, the Jury found for Plaintiff Boyko and against Defendant Millican and awarded Plaintiff Boyko $450,000.00 plus $50,000.00 interest from June 1, 2006 to June 1, 2007, plus interest on the $500,000.00 from June 2, 2007, to date.
>
>    2. On the First Amended Complaint for Breach of Contract, as to all other parties, the Jury found there to be no contract.
>
>    . . . .
>
>    4. On the First Amended Complaint for False Promise, the Jury found for Plaintiff Boyko against Defendant Millican on all questions, but found no past economic loss. The Jury found no other False Promises on the First Amended Complaint.
>
>    5. On the First Amended Complaint for Conversion, the Jury found that Defendant Millican converted money of Plaintiff Boyko and awarded damages of $450,000.00 plus $50,000.00 interest from June 1, 2006 to June 1, 2007, to Plaintiff Boyko.
>
>    6. On the First Amended Complaint for Conversion, the Jury found that Plaintiff Robinson had a right to possess the sum of $450,000.00, but found no other substantial interference with any other property interest.
>
>    7. On the First Amended Complaint for Conspiracy, against both Defendant Kennedy and Defendant Millican individually, the Jury found that both Defendant Kennedy and Defendant Millican intended to commit promissory fraud, deceit and/or concealment, agreed to the commission, and that fraud, deceit and/or concealment was a substantial factor in causing harm to both Plaintiff Robinson, and Plaintiff Boyko, but found no damages (past economic loss).

[Pl. Ex. A, pp.3-4]. No monetary judgment was entered against Kennedy, and no monetary judgment was awarded to Robinson. [*Id.* at 6-7].

On January 31, 2012, the State Court entered an order stating that "it would be unjust enrichment to allow Boyko to retain the damages because of the agency/employment relationship [with Robinson]." [Pl. Ex. C, p. 10] The State Court imposed a constructive trust and ordered that "damages awarded to Boyko be paid to [Robinson]." [*Id.*]. On March 27, 2012, the State Court entered an order denying Defendant's

3

motion for a new trial. [*Id.*]. Defendant appealed, and the Judgment and post-judgment orders were affirmed. [*Id.* at 26].

On December 13, 2012, an Acknowledgment Under California Code of Civil Procedure Section 673 and Assignment of Judgment was filed in the State Court, stating that Boyko assigned "any and all rights" to the Judgment to Plaintiff. [Pl. Ex. B, ¶¶ 1-8].

In its adversary complaint in this proceeding, Plaintiff alleges, among other things, that

> Pursuant to the Judgment and the Fraud Finding and the Conversion Finding as set forth in the Judgment, Defendant obtained credit under the Loan from Plaintiff under false pretenses and upon false representations as to the purpose of the Loan and use of the proceeds of the Loan sufficient to render Defendant's indebtedness to Plaintiff non-dischargeable under 11 U.S.C. § 523(a)(2).
> . . . .
> Pursuant to the Judgment, including the Fraud Finding and the Conversion Finding as set forth in the Judgment, Defendant willfully and maliciously injured Boyko, and thus, by assignment of the Judgment, Plaintiff, by willfully and maliciously converting Boyko's property and defrauding Boyko and Decedent.

[Doc. # 13, PP 31 & 39].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party.

4

*Id*.

## II. Collateral Estoppel

Plaintiff moves for summary judgment under § 523(a)(2) and (a)(6). Plaintiff bases its motion on the alleged collateral estoppel, or issue preclusion, effect of the State Court Judgment. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999). In determining whether the prior judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* Thus, in this case, the court must apply California issue preclusion principles.

Under California law, collateral estoppel will bar relitigation of an issue decided at a previous proceeding if (1) the issue decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the issue decided in the previous proceeding was actually litigated; (3) the issue sought to be relitigated was necessarily decided; (4) the decision in the previous proceeding is final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the previous proceeding. *People v. Quarterman*, 136 Cal. Rptr. 3d 419, 424 (Cal. Ct. App. 2012) (citing *Lucido v. Superior Court*, 795 P.2d 1223 (Cal. 1990)). There is no dispute that the second and fourth elements are satisfied – the issues decided in the State Court proceeding were tried before a jury and a final judgment on the merits has been entered. At issue are the first, third and fifth elements under *Quarterman*.

With respect to the fifth element, Defendant contends that the validity of the assignment of the Judgment to Plaintiff is in dispute since, according to Defendant, he did not receive proper notice of the assignment. Defendant argues this raises a question as to whether "the party against whom preclusion is sought" is the same party or in privity with the party to the previous proceeding. Defendant's argument fails in several respects.

First, the party against whom preclusion is sought is Defendant, not Plaintiff. There is no dispute that Defendant was a party in the prior State Court proceeding. Second, Defendant's argument in his response to Plaintiff's Motion that he did not receive proper notice of the assignment, without citation to any material in the record supporting that fact, is insufficient to defeat Plaintiff's Motion. *See* Fed. R. Civ. P. 56(c)(1); Fed. R. Bankr. P. 7056. And finally, although Defendant cites California Code of Civil Procedure §§ 673 and 1014, apparently for the proposition that such notice is required for an assignment to be effective, those statutes do not include such a requirement. Section 1014 provides only that a

defendant or his attorney "is entitled to notice of all subsequent proceedings *of which notice is required to be given*." Cal. C.C.P. § 1014 (emphasis added). Section 673 provides that "[a]n assignee of a right represented by a judgment may become an assignee of record by filing with the clerk of the court which entered the judgment an acknowledgment of assignment of judgment." Cal. C.C.P. § 673. It includes no requirement that notice be given to any party. Defendant has cited, and the court has found, no authority requiring notice of an assignment of judgment in order for the assignment to be valid.

More problematic for Plaintiff, however, are the first and third elements under *Quarterman* and *Lucido*. With respect to the first element, the California Supreme Court has explained that "[t]he 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings. . . ." *Lucido*, 795 P.2d at 1225. As to the third element, the "necessarily decided" issue requires "that the issue not have been 'entirely unnecessary' to the judgment in the initial proceeding." *Id.* at 1226.

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In its complaint in this proceeding, Plaintiff alleges that Defendant obtained a loan under false pretenses and upon false representations as to the purpose of the loan and use of the proceeds of the loan. However, the court cannot determine on the record before it that the identical factual allegations were at stake in the State Court proceeding. Although the jury in the State Court proceeding made a finding against Defendant on the conspiracy to commit fraud claim, neither the State Court complaint nor the jury's special verdict form are part of the record before the court.[1]

Furthermore, the jury found, and the State Court awarded, damages in the amount of $500,000 as to the breach of contract claim and $500,000 as to the conversion claim, which the state appellate court noted were duplicative damages. [Pl. Ex. C, p. 9-10]. However, the jury specifically found, and the State Court awarded, no damages on account of Defendant's fraud, notwithstanding the jury's finding that "fraud, deceit and/or concealment was a substantial factor in causing harm" to Robinson and Boyko. [Pl. Ex. A, p. 4]. Thus, there is no fraud debt to except from discharge in this case. The court cannot assume that the harm referred to in the jury's "substantial factor in causing harm" finding equates with the damages awarded on the breach of contract and conversion claims, especially since specific awards were made as to each of

---

[1] According to the California appellate court, the jury was presented with a 76-page special verdict form. [*See* Pl. Ex. C, p. 8].

6

those claims but not as to the fraud claim. It is just as likely that the jury believed that the amount of damages that were proximately caused by Defendant's "fraud, deceit and/or concealment," did not duplicate damages for breach of contract and conversion and was not adequately proven at trial. In addition, given the fact that the State Court Judgment awarded no damages on the fraud claim, this court cannot conclude on the record before it that the jury finding, and the Judgment determination, that Defendant committed fraud, deceit, and/or concealment was "necessarily decided." *See Lucido*, 795 P.2d at 1226. Absent some factual basis for determining otherwise, that determination appears to have been "entirely unnecessary" to the Judgment. *Id.*

The first and third elements under *Quarterman* and *Lucido* are similarly problematic with respect to Plaintiff's claim under § 523(a)(6), which excepts from a debtor's discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To be entitled to a judgment that the debt is excepted from discharge under § 523(a)(6), Plaintiff must prove that the injury from which the debt arises was, as is alleged in the complaint in this proceeding, both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001). Plaintiff argues that the Judgment debt for conversion is for a willful and malicious injury since it is "rooted in, and the direct result of, [Defendant's] promissory fraud, deceit and/or concealment." [Doc. # 19, p. 7].

Under California law, not every judgment for conversion is the result of a willful and malicious injury, *Larsen v. Beekmann*, 80 Cal. Rptr. 654, 656 (Cal. Ct. App. 1969); *see Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998). Because "a willful and malicious injury" is not an element of the tort of conversion, and because the Judgment makes no such determination with respect to the damages awarded for conversion, the 'identical issue' requirement is not satisfied. For the same reasons discussed above with respect to Plaintiff's § 523(a)(2) claim, its reliance on the jury determination that Defendant's fraud, deceit and/or concealment was a substantial factor in causing harm as precluding any argument that the debt for conversion did not arise from a willful and malicious injury is not well taken.

For all of the foregoing reasons, Plaintiff has failed to show that it is entitled to summary judgment on its claims under § 523(a)(2) and (a)(6) based upon the collateral estoppel effect of the State Court Judgment. Accordingly, Plaintiff's Motion will be denied.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 19] be, and hereby is,

7

**DENIED.** A further pretrial conference will be set by separate scheduling order of the court.

###